## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOAN OQUENDO**, Plaintiff, <br><br> v. <br><br> **COSTCO WHOLEHOUSE CORPORATION** Defendants. | CIV. NO. 17-2238 (MDM) |

## MEMORANDUM AND ORDER

Before the Court is plaintiff Joan Oquendo's ("plaintiff") motion for partial reconsideration pursuant to Fed. R. Civ. P. 59(e). (Docket No. 55). Plaintiff also filed a supplemental motion for reconsideration. (Docket No. 56).[1] The plaintiff requests that the Court partially reconsider its Opinion and Order (Docket No. 52) granting the defendant's motion for summary judgment, only with respect to the dismissal of plaintiff's Title VII and ADA claims. Defendant Costco Wholesale Corporation ("Costco") opposed plaintiff's motions. (Docket No. 57). Costco posits that plaintiff rehashes the same arguments that she presented to the Court in her opposition to summary judgment, which were discarded by the Court, and that plaintiff has failed to present any argument that would entitle her to the exceptional remedy of a reconsideration. After reviewing the parties' submissions and pertinent law, for the following reasons, the Court **DENIES** the plaintiff's motions for reconsideration.

### I.      Motion for Reconsideration Standard

The Federal Rules of Civil Procedure "do not specifically provide for the filing of motions for reconsideration." *Sánchez-Pérez v. Sánchez-González*, 717 F.Supp.2d 187, 193-94 (D.P.R. 2010). Any motion seeking the reconsideration of a judgment or order and "which ask[s] the court to modify its earlier disposition of [a] case" is

---

[1] Though this second motion was untimely filed, the Court considered it in conjunction with plaintiff's first motion.

generally considered as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *Villanueva-Mendez v. Nieves Vazquez*, 360 F. Supp. 2d 320, 323 (D.P.R. 2005), *aff'd*, 440 F.3d 11 (1st Cir. 2006); *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 (1st Cir. 2005) (citation omitted). Motions under Rule 59(e) must be filed no later than 28 days after the entry of the judgment. *See* Fed. R. Civ. P. 59.

Pursuant to Rule 59(e), a district court will alter its original order *only* if it "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (citation omitted). A motion for reconsideration cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the Court. *Standard Quimica De Venezuela v. Central Hispano International, Inc.*, 189 F.R.D. 202, n.4 (D.P.R. 1999); *Villanueva-Mendez v. Nieves Vasquez*, 360 F. Supp.2d 320, 322-23 (D.P.R. 2005). "Rule 59(e) does not exist to allow parties a second chance to prevail on the merits . . . [and] is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court." *Johnson & Johnson Int'l v. P.R. Hosp. Supply, Inc.*, 322 F.R.D. 439, 441 (D.P.R. 2017) (citations omitted). "[A] motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." *Morán-Vega v. Rivera-Hernández*, 381 F. Supp.2d 31, 36 (D.P.R. 2005).

In deciding a motion for reconsideration, the reviewing court has considerable discretion. *Venegas-Hernández v. Sonolux Records*, 370 F.3d 183, 190 (1st Cir. 2004). As a general rule, motions for reconsideration should only be exceptionally granted. *Villanueva-Mendez*, 360 F. Supp. 2d at 323, *aff'd*, 440 F.3d 11 (1st Cir. 2006). "Rule 59(e) relief is granted sparingly." *Biltcliffe*, 772 F.3d at 930.

## II.   Discussion

In essence, the plaintiff argues that she offered "overwhelming evidence" that should permit her Title VII and ADA claims to reach a jury. Such evidence is comprised solely of excerpts from the deposition of Patrick Bergeron, the General Manager of the Caguas Warehouse, which the Court indeed considered in its decision but ultimately found was not sufficient to push plaintiff over the summary judgment

hurdle. On reconsideration, plaintiff also argues that there are two disputed material facts that could have been submitted to a fact-finding jury: (1) whether the June 2016 leave of absence was involuntary; and (2) whether plaintiff could have performed the essential functions of her position. Plaintiff's motions for reconsideration are unavailing because she neither demonstrates a manifest error of law nor presents newly discovered evidence nor an extraordinary circumstance warranting reconsideration. *See Biltcliffe*, 772 F.3d at 930. Basically, plaintiff rehashes the same arguments that were already submitted to the Court on summary judgment in an attempt to persuade the Court to change its mind with respect to the findings it previously made. There is no room for this kind of relief under Rule 59(e). All arguments already submitted to the Court and rejected by it cannot be reconsidered. *See Harley–Davidson*, 897 F.2d at 616.

In addition, plaintiff places a great deal of emphasis on her claim that the June 2016 leave of absence (the "June 2016 LOA") granted to her by Costco while she was pregnant was involuntary. The Court acknowledged in the Opinion and Order that the June 2016 LOA was not the accommodation that plaintiff wanted. But the fact that the June LOA was *involuntary*, is of no consequence and does not change the outcome of this case. Involuntary or not, the plaintiff agrees with the Court that the June 2016 LOA does *not* constitute an adverse employment action. (Docket No. 55 at 9). That alone is fatal to her reconsideration argument. Furthermore, as thoroughly explained in the Opinion and Order, plaintiff failed to meet her *prima facie* burden with respect to her pregnancy discrimination claim under Title VII. Costco was therefore entitled to summary judgment on such claim.

Now, regarding plaintiff's ADA claim, she argues that there is a question of fact as to whether she could perform the essential duties of her position. On reconsideration, however, plaintiff does little more than reargue the same positions she already advanced, which were previously rejected by the Court. Additionally, the evidence that plaintiff points to on reconsideration—excerpts from Bergeron's deposition testimony—is not new evidence. To the contrary, it is evidence which the Court actually considered on summary judgment. But, based on the evidentiary

record of this case, the Court found that no reasonable fact finder could conclude that plaintiff could perform the essential duties of her position given the medical restrictions imposed by her physician. More specifically, the Court held that:

> [d]espite Oquendo's burden to come forward with evidence to show that she could perform the essential duties of her position had she been granted a reasonable accommodation, she failed to meet such threshold.[2] *See Ward v. Massachusetts Health Research Inst., Inc.,* 209 F.3d 29, 35 (2000). The Court can therefore easily conclude that Oquendo's ADA claim fails because she did not meet the second element of her *prima facie* case.

(Docket No. 52).

Accordingly, after an exhaustive discussion of plaintiff's proposed accommodations, the Court found that her disability discrimination claim and her failure to accommodate claim under the ADA could not survive summary judgment. This matter was discussed *ad naseum* and has been decided by the Court.

In sum, contrary to plaintiff's contentions, she failed to raise triable issues of material fact with respect to her Title VII and ADA claims. And, having already addressed and rejected the plaintiff's reconsideration arguments in the Court's Opinion and Order at Docket No. 52, the Court **AFFIRMS** its decision granting Costco's motion for summary judgment.

### III.    Conclusion

For the foregoing reasons, the plaintiff's motions for reconsideration (Docket Nos. 55 and 56) are **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of May 2020.

*s/Marshal D. Morgan*
MARSHAL D. MORGAN
United States Magistrate Judge

---

[2] This case, like many cases on essential functions and reasonable accommodation before the First Circuit, "turn[s] on the surprising failure of one party or the other to proffer any significant evidence in favor of their position." *Reed v. LePage Bakeries,* 244 F.3d 254, 260 (1st Cir. 2001). *Tobin v. Liberty Mut. Ins. Co.,* 433 F.3d 100, 107 (1st Cir. 2005).